UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BONNER,

        Plaintiff,

v.                                                                                    CASE NO. 10-15069
                                                                                      HON. LAWRENCE P. ZATKOFF
SERGEANT RECHTZIGEL, SERGEANT ADAMS,
SERGEANT TIMOTHY, MICHAEL GREEN,
THE WAYNE COUNTY SHERIFF, and
DETROIT RECEIVING HOSPITAL,

        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 7, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is pending before the Court on Brian Bonner's *pro se* civil rights complaint under 42 U.S.C. § 1983. Also pending before the Court are Plaintiff's requests for appointment of counsel [Dkts. 4 & 6], motion to add and subtract defendants [Dkt. 9], request for service of the summons and complaint [Dkt. 11], request for the transcript of his preliminary examination [Dkt. 10], motion for a temporary restraining order and preliminary injunction [Dkt. 13]; request to compel a temporary restraining order [Dkt. 15]; and a second motion for temporary restraining order and preliminary injunction [Dkt. 16]. For the reasons that follow, Plaintiff's complaint is dismissed, and Plaintiff's pending motions and requests are denied as moot.

## II.  BACKGROUND

Plaintiff is a state prisoner currently confined at the Michigan Reformatory in Ionia, Michigan, however, it is not clear to the Court why Plaintiff is currently confined.  In reviewing Plaintiff's complaint, his factual allegations are incoherent, unstructured, and conclusory.  While certain allegations in Plaintiff's complaint contradict other allegations, other allegations assert harm done to individuals not parties to this case.  Essentially, the complaint appears to allege that the defendants defamed Plaintiff, maliciously prosecuted him, and falsely imprisoned him for some period between 2006 and 2008.  Because of Defendants' actions,  Plaintiff seeks money damages and to be relocated out of the State of Michigan.  In general, Plaintiff's allegations are conclusory and insensible.

## III.  STANDARD OF REVIEW

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action.  The Court may dismiss an indigent prisoner's civil rights complaint against a governmental entity, official, or employee if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A complaint lacks an arguable basis in law . . . if it is based on legal theories that are indisputably meritless."  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327–28).

Although this Court recognizes that *pro se* pleadings are held to a less stringent standard, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court is not required to create a claim for a plaintiff.

2

*Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court . . . [into] the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### IV. ANALYSIS

"'To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (a) the deprivation of a right secured by the Constitution or laws of the United States (b) caused by a person acting under the color of state law.'" *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010) (quoting *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Upon review of Plaintiff's complaint, the Court finds that Plaintiff's incoherent, irrelevant, and conclusory allegations fail to state a claim upon which this Court can grant relief. Plaintiff's complaint consists of 125 hand-written paragraphs that fail to make out any cognizable time-frame regarding how the alleged events that support Plaintiff's claim transpired. Further confusion is added by numerous paragraphs that appear irrelevant and assert injuries suffered by other individuals. For instance, in paragraph 103, Plaintiff alleges, "As a result of Inkster Police Department Detectives actions. [sic] Qwontell Bullock suffered a nervous breakdown, due to stress, in fear of her life, the baby life, and my life, in which she was hospitalized at Garden City and suffered a miscarriage." In paragraph 110, Plaintiff alleges that the Inkster Police Department "executed an unlawful raid into [Belinda Dodson's] home." Then, in paragraph 123, Plaintiff alleges that "Paris Jones, will tesify to suffering a nervous breakdown moving from Michigan to

North Carolina . . . ."

Further, Plaintiff's complaint contradicts itself. In paragraph 80, the complaint states that charges were dismissed against him by the Wayne County prosecutor. Yet, in paragraph 83, the complaint states that he was "acquitted on all of their [sic] initial charges." Notwithstanding the assertion that he was acquitted, Plaintiff continues in the same paragraph to state, "I was offered a plea deal by the Wayne County Prosecutor to plead no contest to a disorderly loitering misdemeanor in exchange for the dismissal of four felonies . . ." Plaintiff's obscure allegations continue in paragraph 81, in which Plaintiff states he was never charged, and that he was prosecuted due to Defendants Adams and Rechtzigel's "allegations making statements, [sic] testifying and compiling evidence." Contrary to paragraph 81, Plaintiff alleges in paragraph 72 that Defendants Adams and Rechtzigel did not testify based upon the prosecutor's advice. It is not the duty of this Court to decide which allegations are true and which allegations the Court should disregard. *See Beaudett*, 775 F.2d at 1278.

Based upon these examples alone, it is not clear: (1) whether Plaintiff pleaded guilty to the misdemeanor charge; (2) whether Defendants Adams and Rechtzigel did testify; (3) whether the prosecutor dismissed the four felony charges against Plaintiff or whether he was acquitted of the charges against him at a hearing; and (4) why Plaintiff is currently imprisoned. The Court is also unable to legally analyze Plaintiff's other unintelligible allegations asserted in his complaint. Notwithstanding the fact that this Court will hold *pro se* litigants to less stringent standards, *see Haines v. Kerner*, 404 U.S. 519 (1972), it is not the duty of the Court to make out a civil rights claim under 42 U.S.C. § 1983 for Plaintiff. Plaintiff's allegations are conclusory, vague, and lack the factual specificity to state a claim under 42 U.S.C. § 1983. *Davis v. Mich. Dep't of Corr.*, 746 F.

Supp. 662, 667 (E.D. Mich. 1990) (citing *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971)).

Accordingly, Plaintiff's allegations against Defendants fail to state a plausible claim upon which this Court may grant relief. For this reason, the entire complaint must be dismissed. As such, Plaintiff's pending motions and requests are denied as moot.

## VI.  CONCLUSION

Accordingly, IT IS ORDERED that the entire complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

IT IS FURTHER ORDERED that Plaintiff's requests for appointment of counsel [Dkts. 4 & 6], motion to add and subtract defendants [Dkt. 9], request for service of the summons and complaint [Dkt. 11], request for the transcript of his preliminary examination [Dkt. 10], motion for a temporary restraining order and preliminary injunction [Dkt. 13]; request to compel a temporary restraining order [Dkt. 15]; and a second motion for temporary restraining order and preliminary injunction [Dkt. 16] are DENIED as moot.

IT IS FURTHER ORDERED that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Plaintiff may

not appeal this decision without prepayment of the appellate filing fee.



                                                   S/Lawrence P. Zatkoff
                                                   LAWRENCE P. ZATKOFF
                                                   UNITED STATES DISTRICT JUDGE

Dated: April 7, 2011

## CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 7, 2011.


                                                   S/Marie E. Verlinde
                                                 Case Manager
                                                 (810) 984-3290