UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BONNER,

        Plaintiff,

v.                                                   CASE NO. 10-15069
                                                   HON. LAWRENCE P. ZATKOFF

SERGEANT RECHTZIGEL, SERGEANT ADAMS,
SERGEANT TIMOTHY, MICHAEL GREEN,
THE WAYNE COUNTY SHERIFF, and
DETROIT RECEIVING HOSPITAL,

        Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 6, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's *pro se* "Supplemental Motion to Alter or Amend a Judgment Rule 59(e) Additional Attachment to Previous Motion" ("Rule 59(e) Motion") [dkt 20]. The Rule 59(e) Motion references a prior docket entry that was entered on the docket as "RESPONSE to Order of Dismissal. Motion Request to Amend Claims" ("Response") [dkt 19]. The Response contains two titles: "Motion to Amend Claims/ et al." and "Response to Dismissal of Defendants." To the extent that the Response supports the Rule 59(e) Motion, the Court will incorporate it into the Court's review of the Rule 59(e) Motion. Pursuant to E.D. Mich. L.R. 59.1, a response to a motion to alter or amend a judgment is not permitted. As such, the Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers such that the decision

process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Rule 59(e) Motion be resolved on the papers submitted. For the reasons set forth below, the Rule 59(e) Motion is DENIED.

## II. BACKGROUND

Plaintiff is a state prisoner currently confined at the Michigan Reformatory in Ionia, Michigan. On December 22, 2010, Plaintiff filed a *pro se* Complaint against Defendants, alleging that Defendants defamed Plaintiff, maliciously prosecuted him, and falsely imprisoned him for some period between 2006 and 2008. The Court reviewed the Complaint and found "his factual allegations [] incoherent, unstructured, and conclusory." In the Court's April 7, 2011, Opinion and Order ("Opinion"), the Court dismissed Plaintiff's Complaint without prejudice, finding that such allegations failed to state a claim under 42 U.S.C. § 1983 due to numerous deficiencies, of which the Court pointed out in its Opinion. Two weeks later, Plaintiff filed the Response. Nineteen days after the Response, Plaintiff filed the instant Rule 59(e) Motion.

## III. LEGAL STANDARD

"A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee County, TN*, 402 Fed. Appx. 107, 108 (6th Cir. 2010) (citation omitted).

## IV. ANALYSIS

In reviewing the Rule 59(e) Motion, the Court finds that Plaintiff has submitted only conclusory statements to support his contention that the Opinion entered by the Court should be

altered or amended.  First, Plaintiff places much weight on the fact that he explained to the Court in his Complaint that all of the evidence he discussed, including medical records and statements from witnesses, would be provided to the Court.  However, Plaintiff's argument is misplaced because the Court did not rely on the lack of evidence attached to Plaintiff's pleadings to dismiss his claims, nor did the Opinion use any language to that effect.  Rather, the Court properly based its dismissal on Plaintiff's allegations in his Complaint.  The Court found Plaintiff's allegations in his Complaint incoherent, unstructured, and contradictory.  The Court finds that the Response and Rule 59(e) Motion share the same characteristics.  For instance, Plaintiff argues that "[t]he court also cited a misunderstanding to be a contradiction in referencing one minute he saids [sic] they testified the next minute he saids [sic] they didnt [sic]."  The Court, however, stated the opposite.  The Opinion indicates that Plaintiff's Complaint was not understandable in general, and thus only pointed out several contradictory paragraphs of Plaintiff's Complaint to illustrate Plaintiff's unclear allegations.

Further, Plaintiff cites *Hensen v. Thezan*, 698 F. Supp 150, 152 (N.D. Ill. 1988), for the proposition, as quoted from the Rule 59(e) Motion, that an "allegation that a prisoner was abused for hours, could not be dismissed, based on absence of injury."  Yet, this Court did not determine that Plaintiff's Complaint should be dismissed for failing to show an injury, rather the Court was unable to determine any cognizable cause of action from Plaintiff's Complaint.  In sum, none of Plaintiff's conclusory statements identify or demonstrate: (1) any clear error of law relied upon by the Court, (2) any newly discovered evidence, (3) any intervening change in the controlling law, or (4) any manifest injustice that resulted from entry of judgment against him.  Accordingly, Plaintiff has not met his burden of establishing a basis for the Court to grant his Rule 59(e) Motion.  Therefore, Plaintiff's Rule 59(e) Motion is DENIED.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court HEREBY ORDERS that Plaintiff's Rule 59(e) Motion [dkt 20] is DENIED.

The Court FURTHER ORDERS Plaintiff's Response [dkt 19], to the extent that it would require the Court to issue an opinion and/or order, is hereby DENIED.

The Court FURTHER ORDERS that this case remains closed.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated:  June 6, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 6, 2011.

s/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290